Filed 3/24/25  Diaz v. Salinas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREG ALAN DIAZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MICHAEL SALINAS et al.,<br><br>    Defendants and Respondents. | B332599<br><br>(Los Angeles County Super. Ct. No. 21STCV00426) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

　　　　Law Offices of Grace White and Grace White for Plaintiff and Appellant.

　　　　Messina & Hankin and Theodore M. Hankin for Defendants and Respondents.

Plaintiff Greg Diaz (plaintiff) sued defendants Michael Salinas and Tina Salinas (defendants) because he believed they wrongfully held title to real property as security for a loan that he repaid in full.  Plaintiff later failed to comply with a trial court discovery order, and the court imposed issue and evidentiary sanctions deeming it established that what he claimed were loan payments were instead rent payments.  Largely on the basis of these sanctions, the trial court subsequently granted summary judgment for defendants.  We consider whether the grant of summary judgment was proper when plaintiff has not, in this court, challenged the propriety of the discovery sanctions.

## I.  BACKGROUND

Plaintiff filed suit in January 2021.  As summarized by the trial court,[1] plaintiff's complaint alleged causes of action to quiet title to real property, to cancel a deed, for specific performance, for damages for breach of an oral contract, for damages for fraud and deceit, and for restitution based on violations of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.).  Plaintiff contended he transferred title to his home in Reseda to defendants in 2018 and defendants thereafter paid outstanding property taxes and utility bills.  Plaintiff alleged these payments

---

[1]	Plaintiff did not include the complaint in the appellate record.  Although this omission alone might be a basis for affirmance (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Appealed judgments and orders are presumed correct, and error must be affirmatively shown"]), plaintiff does not dispute the trial court's description of the complaint.  So we proceed on the understanding the trial court's description is accurate.

constituted a loan and defendants agreed to transfer title back to him when he repaid the loan amount, which he has now done.

In July 2022, defendants moved to compel the production of certain documents. Plaintiff did not oppose the motion or appear at the hearing. The trial court ordered plaintiff to produce all responsive documents within 20 days and pay $1,260 in expenses associated with bringing the motion.

That deadline passed with no response from plaintiff. Defendants then moved for terminating sanctions or, in the alternative, for an order deeming certain facts established. Their position in the litigation was that they never agreed to give title to the real property back to plaintiff; instead, they agreed to let him continue living in the home rent-free until he was "back on [his] feet," at which point he would pay rent. They accordingly sought to preclude plaintiff from presenting evidence that he lacked capacity to convey the real property to defendants, that he paid property taxes between 2012 and 2018, or that payments he made to defendants were anything other than "rent payments for the hiring of real property[.]"

The trial court granted the requested issue and evidentiary sanctions, which precluded plaintiff from presenting evidence on those issues (and others). Specifically, the court deemed it established that: (1) at all relevant times, plaintiff had the capacity and understanding to convey title to the subject property to defendants, (2) plaintiff paid no property taxes on the subject property between December 2012 and September 2018, and (3) "[a]ll payments [p]laintiff has made to [d]efendant[ ] Michael Salinas[ ] between September 2018 and the present constitute rent payments for the hiring of real property."

3

After the court imposed these issue sanctions, defendants moved for summary judgment. They argued the trial court's issue and evidentiary sanctions left no triable issue of material fact as to whether plaintiff had capacity to transfer title to the property to defendants or whether he repaid the purported loan.

Plaintiff, represented by counsel, filed an opposition to the motion for summary judgment. The opposition is not easily intelligible, but the dominant theme is that there remains a triable issue of material fact as to whether plaintiff made loan payments to defendants.

The trial court granted summary judgment for defendants. The court reasoned that "all of [p]laintiff's claims, whether arising out of contract and/or fraud, are premised upon [his] repayment of the loan . . . and/or the payment of the tax lien on the [p]roperty" and the discovery sanctions foreclosed any "triable issue of material fact as to an essential element of [p]laintiff's claims as alleged in the [c]omplaint." The trial court rejected plaintiff's "suggestion that there is a triable issue of material fact as to whether [he] is entitled to restitution under a theory of unjust enrichment" for "the same reasons" and because it sustained defendants' hearsay objection to plaintiff's evidence of the Reseda home's fair market value.

## II. DISCUSSION

"'Even when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. [Citations.] . . . .'" [Citation.]" (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555.) None of the issues plaintiff raises on appeal addresses the trial court's reasons for granting summary

4

judgment.  As we proceed to explain, plaintiff does not contest (or, charitably, does not adequately contest) the discovery sanctions; his argument that he repaid a loan from defendants is foreclosed by the unchallenged sanctions order; and he misunderstands the concept of unjust enrichment in arguing his transaction with defendants was one-sided.

Plaintiff's briefs in this court do not argue the trial court erred in imposing the issue and evidentiary sanctions it did.  The closest plaintiff comes is a statement that the trial court "did not make any determination that [he] had or had not mental capacity . . . during discovery" so there should be a trial at which plaintiff is permitted "to present evidence of his mental capacity other than when he entered into the contract in question."  That is insufficient to place the correctness of the trial court's sanctions ruling before us as an issue requiring review.  (See, e.g., *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

Plaintiff does argue "he was made to execute the [q]uit [c]laim [d]eed in [defendants'] name . . . in return for a loan . . . that has been repaid."  But this is fatally undermined by the trial court's unchallenged issue sanction that deemed it established plaintiff paid rent, rather than repaying a purported loan.  (Code Civ. Proc., § 2023.030, subds. (b)-(c) [authorizing trial court to impose sanctions "ordering that designated facts shall be taken as established in the action" and "prohibiting any party engaging in the misuse of the discovery process from introducing designated matters in evidence"].)

Plaintiff also argues "[i]t would be an unconscionable case of unjust enrichment for [defendants] to receive a property now from a US Veteran worth $697,000.00 when they made a loan to plaintiff for it of $33,000 for which they received a $44,000.00

repayment." This argument suffers from multiple problems. As we have already explained, the unchallenged sanctions order precludes the argument that plaintiff's payments to defendants were anything other than rent payments. More fundamentally, plaintiff uses the phrase "unjust enrichment" in a colloquial sense that is entirely divorced from his claims in this action. In the absence of a triable issue as to whether plaintiff performed under the alleged loan agreement, plaintiff has not articulated a theory under which defendants have some quasi-restitutionary obligation to reconvey title to the Reseda property or return the money he paid them. (See generally *Hartford Casualty Insurance Co. v. J.R. Marketing, LLC* (2015) 61 Cal.4th 988, 999 ["Restitution is not mandated merely because one person has realized a gain at another's expense. Rather, the obligation arises when the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained'"].)

Plaintiff's opening brief also includes an inscrutable discussion of a cause of action for money had and received. His complaint, however, did not include a cause of action for money had and received. Moreover, even if it had, the unchallenged discovery sanctions once again preclude the argument that plaintiff's payments to defendants were anything other than valid rent payments.

6

DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM (D.), J.